**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| |
|---|
| SECURITIES AND EXCHANGE COMMISSION, |
| Plaintiff, |
| v. |
| NENAD JOVANOVICH ET AL., |
| Defendants. |

Civil Action No. 13-C-5513

## MOTION FOR ENTRY OF FINAL JUDGMENTS

Defendants Nenad Jovanovich ("Jovanovich"), Accelerated Innovations, LLC ("Accelerated Innovations"), Kymberly A. Nelson ("Nelson"), Sky's the Limit Consulting, LLC ("Sky's the Limit Consulting"), Javorka L. Gasic ("J. Gasic"), Diana Bozovic ("Bozovic"), Dale J. Baeten ("Baeten"), Investing in Stock Market, Inc. ("Investing in Stock Market"), Midwest Stock Consulting, Inc. ("Midwest Stock Consulting"), Charles C. Bennett ("Bennett"), and George E. Bowker, III ("Bowker") and Relief Defendant Vertical Group Holdings, LLC ("Relief Defendant" or "Vertical Group") agreed to settle this matter with the Securities and Exchange Commission ("SEC" or the "Commission"). Accordingly, the Commission respectfully moves this Court for entry of the proposed final judgments attached as Exhibits 9 through 16 ("Proposed Judgments"). As reflected in Exhibits 1 through 8, Defendants Jovanovich, Accelerated Innovations, Nelson, Sky's the Limit Consulting, J. Gasic, Bozovic, Baeten, Investing in Stock Market, Midwest Stock Consulting, Bennett, and Bowker, and Relief Defendant Vertical Group consent to the entry of the Proposed Judgments. In support of the Motion, the SEC states as follows:

1

1.      On August 1, 2013, the Commission filed a complaint against Defendants Jovanovich, Accelerated Innovations, Nelson, Sky's the Limit Consulting, J. Gasic, Bozovic, Baeten, Investing in Stock Market, Midwest Stock Consulting, Bennett, and Bowker (collectively, "Defendants"), and Relief Defendant Vertical Group for violation of the federal securities laws.[1]

2.      In the Complaint, the Commission alleges that Defendants participated in a pump-and-dump scheme orchestrated by Bosko R. Gasich ("Gasich"), one of the founders and principal shareholders of Zenergy International, Inc. ("Zenergy"). Zenergy is a company headquartered in Chicago, Illinois that purported to be in the business of selling and producing biofuels. Zenergy's stock is quoted on the over-the-counter market.

3.      According to the Complaint, in June 2009, Gasich caused Zenergy to enter into a reverse merger with Paradigm Tactical Products, Inc. ("Paradigm"), a publicly traded shell entity. Shortly before the merger, Gasich prepared a backdated convertible note for a $30,000 debt purportedly owed to him by Zenergy. Paradigm agreed to assume this debt and to issue shares of its common stock to settle the debt as partial consideration for the reverse merger.

4.      The Commission further alleges that Gasich then assigned this purported debt to his family and friends, Defendants Jovanovich, Nelson, J. Gasic, and Bozovic; stock promoters, including Scott H. Wilding; associates of Paradigm; and counsel, Diane D. Dalmy ("Dalmy"); and caused Paradigm to issue 300 million shares of purportedly unrestricted stock to these assignees.

---

[1] The Commission simultaneously filed a parallel complaint against other defendants who are not a party to this action, including Zenergy International, Inc., Bosko R. Gasich, Robert J. Luiten, Scott H. Wilding, Skyline Capital, Inc., Diane D. Dalmy, Ronald Martino, and Market Ideas. SEC v. Zenergy Int'l, Inc., No. 13-C-5511 (N.D. Ill. filed Aug. 1, 2013). The defendants in the Commission's parallel complaint have not settled the action against them in full.

5. In the Complaint, the Commission also alleges that Dalmy, who served as transaction counsel for the reverse merger and sold shares herself, issued opinion letters to transfer agents and others that improperly concluded that these shares were unrestricted and could be sold immediately.

6. The Commission further alleges that Gasich and the promoters then conducted two promotional campaigns to generate investor interest in Zenergy. The campaigns used misleading press releases and financial disclosures reviewed and approved by Gasich and Zenergy's Chief Executive Officer, Robert J. Luiten ("Luiten"), and touts by individuals who failed to disclose the compensation received for promoting Zenergy stock, including Defendants Baeten, Bennett, and Bowker and Ronald Martino. The promotional activity induced members of the investing public to buy Zenergy stock and increased Zenergy's share price.

7. According to the Complaint, Gasich, his assignees, and their associates then sold their shares into the public market for illicit profits totaling at least $4.4 million.

8. Finally, the Complaint alleges that Market Ideas, Inc., an entity controlled by Gasich, and Relief Defendant Vertical Group, received or benefited from the registration violations and fraudulent conduct described above and that the funds are the proceeds, or are traceable to the proceeds, of the unlawful activity alleged above.

9. As a result of the conduct described in the Complaint, the Commission alleges that Defendants Jovanovich, Accelerated Innovations, Nelson, Sky's the Limit Consulting, J. Gasic, Bozovic, Baeten, Investing in Stock Market, Midwest Stock Consulting, and Bennett violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77(e)(a), 77(e)(c).

10. In addition, the Commission alleges that Defendants Baeten, Investing in Stock Market, Midwest Stock Consulting, Bennett, and Bowker violated Section 17(b) of the Securities Act, 15 U.S.C. § 77q(b).

11. The Complaint also advances a claim against Relief Defendant Vertical Group seeking ill-gotten gains.

12. The Complaint seeks orders of permanent injunction, disgorgement and prejudgment interest, civil monetary penalties, and penny stock bars against Defendants and an order of disgorgement and prejudgment interest against Relief Defendant.

13. Prior to the filing of the Complaint, Defendants and Relief Defendant Vertical Group agreed to resolve this matter with the SEC by agreeing to the relief requested in the Proposed Judgments, attached as Exhibits 9 through 16.[2]

14. Each Defendant and the Relief Defendant waived service of a summons and the complaint in this action and admitted the Court's jurisdiction over them and over the subject matter of this action. *E.g.,* Ex. 1, Jovanovich Consent ¶ 1.

15. The Proposed Judgment against Jovanovich and Accelerated Innovations permanently enjoins them from violations of Section 5 of the Securities Act; orders, jointly and severally, disgorgement of $108,299, with prejudgment interest of $10,761, and a civil penalty of $10,000, to be paid pursuant to a three-year payment plan with post-judgment interest; and imposes penny stock bars.

16. The Proposed Judgment against Nelson and Sky's the Limit Consulting permanently enjoins them from violations of Section 5 of the Securities Act; orders, jointly and

---

[2] Because the SEC originally anticipated a single action at the time of settlement, the consents are captioned as SEC v. Zenergy, rather than as SEC v. Jovanovich. The difference in captions does not affect the content or terms of the consents, which are unchanged.

severally, disgorgement of $436,835 and prejudgment interest of $28,625, but waives payment of all but $18,594 and does not impose a civil penalty based upon the sworn representations in Nelson's Statement of Financial Condition dated December 20, 2012 and other documents and information submitted to the Commission; and imposes penny stock bars.

17. The Proposed Judgment against J. Gasic permanently enjoins her from violations of Section 5 of the Securities Act; orders disgorgement of $25,575 and prejudgment interest of $3,105, but waives payment of all but $14,400, to be paid pursuant to a three-year payment plan with post-judgment interest, and does not impose a civil penalty based upon the sworn representations in her Statement of Financial Condition dated February 7, 2013 and other documents and information submitted to the Commission; and imposes a penny stock bar.

18. The Proposed Judgment against Bozovic permanently enjoins her from violations of Section 5 of the Securities Act; orders disgorgement of $12,500 and prejudgment interest of $1,425, to be paid pursuant to a three-year payment plan with post-judgment interest, but does not impose a civil penalty based upon the sworn representations in her Statement of Financial Condition dated February 7, 2013 and other documents and information submitted to the Commission; and imposes a penny stock bar.

19. The Proposed Judgment against Baeten, Investing in Stock Market, and Midwest Stock Consulting permanently enjoins them from violations of Sections 5 and 17(b) of the Securities Act; orders, jointly and severally, disgorgement of $40,751 and prejudgment interest of $4,049, but waives payment of the disgorgement and prejudgment interest and does not impose a civil penalty based upon the sworn representations in Baeten's Statement of Financial Condition dated November 3, 2012 and other documents and information submitted to the Commission; and imposes penny stock bars.

20. The Proposed Judgment against Bennett permanently enjoins him from violations of Sections 5 and 17(b) of the Securities Act; orders disgorgement of $28,486 and prejudgment interest of $3,139, but waives payment of the disgorgement and prejudgment interest and does not impose a civil penalty based upon the sworn representations in his Statement of Financial Condition dated December 28, 2012 and other documents and information submitted to the Commission; and imposes a penny stock bar.

21. The Proposed Judgment against Bowker permanently enjoins him from violations of Section 17(b) of the Securities Act; orders disgorgement of $8,000, with prejudgment interest of $1,024, and imposes a civil penalty of $10,000; and imposes a penny stock bar.

22. The Proposed Judgment against Vertical Group orders disgorgement of $172,819, but waives payment of all but $74,200 based upon the sworn representations in its Statement of Financial Condition dated February 11, 2013 and other documents and information submitted to the Commission.

23. As reflected in Exhibits 1 through 8, the Proposed Judgments have been reviewed by Defendants, Relief Defendant Vertical Group, and, with respect to Defendants Bennett and Bowker, their counsel.

WHEREFORE, the SEC respectfully moves this Court to enter the Proposed Judgments as to Defendants Jovanovich, Accelerated Innovations, Nelson, Sky's the Limit Consulting, J. Gasic, Bozovic, Baeten, Investing in Stock Market, Midwest Stock Consulting, Bennett, and Bowker, and Relief Defendant Vertical Group.

Grant such other and further relief as the Court deems just and appropriate.

Dated: August 1, 2013

Respectfully submitted,

s/ Daniel J. Hayes

Daniel J. Hayes (hayesj@sec.gov)
John E. Birkenheier (berkenheierj@sec.gov)
Paul M. G. Helms (helmsp@sec.gov)
Kathryn A. Pyszka (pyszkak@sec.gov)
U.S. Securities and Exchange Commission
175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

*Attorneys for Plaintiff U.S. Securities and Exchange Commission*

# CERTIFICATE OF SERVICE

Daniel J. Hayes, an attorney, hereby certifies that he will cause a copy of the foregoing Motion for Entry of Final Judgments to be served upon:

Nenad Jovanovich and Accelerated Innovations, LLC
1455 West Cuyler Avenue, #2E
Chicago, Illinois 60613

Kymberly A. Nelson and Sky's the Limit Consulting, LLC
c/o Terrence H. Campbell, Esq.
Cotsirilos, Tighe, Streicker, Poulos & Campbell, Ltd.
33 North Dearborn Street, Suite 600
Chicago, Illinois 60602

Javorka L. Gasic
1247 Judson Avenue, Unit 2
Evanston, IL 60202

Diana Bozovic
1247 Judson Ave., Unit 2
Evanston, Illinois 60202

Dale J. Baeten, Investing in Stock Market, Inc., and Midwest Stock Consulting, Inc.
416 Ridgeway Drive
Brillion, Wisconsin 54110

Charles C. Bennett
c/o A. Clifton Hodges, Esq.
Hodges and Associates
4510 East Thousand Oaks Blvd., Suite 201
Westlake Village, California 91362

George E. Bowker, III
c/o Marc Agnifilo, Esq.
Brafman & Ross, P.C.
767 Third Avenue, 26th Floor
New York, New York 10017

Vertical Group Holdings, LLC
c/o Bozana Gasich, Managing Member
555 Hinman Avenue, Unit B3
Evanston, Illinois 60202

by express United Parcel Service this 2nd day of August 2013.

s/ Daniel J. Hayes

Daniel J. Hayes (hayesj@sec.gov)
John E. Birkenheier (berkenheierj@sec.gov)
Paul M. G. Helms (helmsp@sec.gov)
Kathryn A. Pyszka (pyszkak@sec.gov)
U.S. Securities and Exchange Commission
175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

*Attorneys for Plaintiff U.S. Securities and Exchange Commission*