UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

NENAD JOVANOVICH ET AL.,

Defendants.

Civil Action No. 13-C-5513

### FINAL JUDGMENT AS TO DEFENDANTS NENAD JOVANOVICH AND ACCELERATED INNOVATIONS, LLC

The Securities and Exchange Commission having filed a Complaint and Defendants Nenad Jovanovich and Accelerated Innovations, LLC (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity

security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Securities Exchange Act of 1934 ("Exchange Act") [17 C.F.R. 240.3a51-1].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable, jointly and severally, for disgorgement of $108,299, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $10,761, for a total of $119,060. Defendants also are liable, jointly and severally, for a civil penalty of $10,000, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u]. Defendants shall satisfy this obligation by paying $129,060, plus post-judgment interest, to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in Paragraph IV below after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

3

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Nenad Jovanovich and Accelerated Innovations as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after thirty (30) days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

Defendants shall pay the total of disgorgement, prejudgment interest, and penalty due of $129,060 in thirteen (13) installments to the Commission according to the following schedule: (1) $81,608, within thirty (30) days of entry of this Final Judgment; (2) $3,954 on or before December 31, 2013; (3) $3,954 on or before March 31, 2014; (4) $3,954 on or before June 30, 2014; (5) $3,954 on or before September 30, 2014; (6) $3,954 on or before December 31, 2014; (7) $3,954 on or before March 31, 2015; (8) $3,954 on or before June 30, 2015; (9) $3,954 on or before September 30, 2015; (10) $3,954 on or before December 31, 2015; and (11) $3,954 on or before March 31, 2016 (12) $3,954 on or before June 30, 2016; (13) $3,954 on or before August 7, 2016. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after thirty (30) days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendants shall contact the staff of the Commission for the amount due for the final payment.

If Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __Aug. 6__, 2013

_____
UNITED STATES DISTRICT JUDGE