UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

  v.

NENAD JOVANOVICH ET AL.,

       Defendants.

Civil Action No. 13-C-5513

## UNOPPOSED MOTION FOR ENTRY OF FINAL JUDGMENT AS TO DEFENDANT SKY'S THE LIMIT CONSULTING, LLC

Defendant Sky's the Limit Consulting, LLC ("Sky's the Limit Consulting") agreed to settle this matter with the Securities and Exchange Commission ("SEC" or the "Commission"). Accordingly, the Commission respectfully moves this Court for entry of the proposed final judgment attached as Exhibit 2 ("Proposed Judgment"). As reflected in Exhibit 1, Defendant Sky's the Limit Consulting consents to the entry of the Proposed Judgment. In support of the Motion, the SEC states as follows:

    1.    On August 1, 2013, the Commission filed a complaint against Defendants Nenad Jovanovich ("Jovanovich"), Accelerated Innovations, LLC ("Accelerated Innovations"), Kymberly A. Nelson ("Nelson"), Sky's the Limit Consulting, LLC ("Sky's the Limit Consulting"), Javorka L. Gasic ("J. Gasic"), Diana Bozovic ("Bozovic"), Dale J. Baeten ("Baeten"), Investing in Stock Market, Inc. ("Investing in Stock Market"), Midwest Stock Consulting, Inc. ("Midwest Stock Consulting"), Charles C. Bennett ("Bennett"), and George E.

1

Bowker, III ("Bowker") and Relief Defendant Vertical Group Holdings, LLC ("Relief Defendant" or "Vertical Group") for violation of the federal securities laws.[1]

2. In the Complaint, the Commission alleges that Defendants participated in a pump-and-dump scheme orchestrated by Bosko R. Gasich ("Gasich"), one of the founders and principal shareholders of Zenergy International, Inc. ("Zenergy"). Zenergy is a company headquartered in Chicago, Illinois that purported to be in the business of selling and producing biofuels. Zenergy's stock is quoted on the over-the-counter market.

3. According to the Complaint, in June 2009, Gasich caused Zenergy to enter into a reverse merger with Paradigm Tactical Products, Inc. ("Paradigm"), a publicly traded shell entity. Shortly before the merger, Gasich prepared a backdated convertible note for a $30,000 debt purportedly owed to him by Zenergy. Paradigm agreed to assume this debt and to issue shares of its common stock to settle the debt as partial consideration for the reverse merger.

4. The Commission further alleges that Gasich then assigned this purported debt to his family and friends, Defendants Jovanovich, Nelson, J. Gasic, and Bozovic; stock promoters, including Scott H. Wilding; associates of Paradigm; and counsel, Diane D. Dalmy ("Dalmy"); and caused Paradigm to issue 300 million shares of purportedly unrestricted stock to these assignees.

5. In the Complaint, the Commission also alleges that Dalmy, who served as transaction counsel for the reverse merger and sold shares herself, issued opinion letters to

---

[1] The Commission simultaneously filed a parallel complaint against other defendants who are not a party to this action, including Zenergy International, Inc., Bosko R. Gasich, Robert J. Luiten, Scott H. Wilding, Skyline Capital, Inc., Diane D. Dalmy, Ronald Martino, and Market Ideas. SEC v. Zenergy Int'l, Inc., No. 13-C-5511 (N.D. Ill. filed Aug. 1, 2013). The defendants in the Commission's parallel complaint have not settled the action against them in full.

2

transfer agents and others that improperly concluded that these shares were unrestricted and could be sold immediately.

6. The Commission further alleges that Gasich and the promoters then conducted two promotional campaigns to generate investor interest in Zenergy. The campaigns used misleading press releases and financial disclosures reviewed and approved by Gasich and Zenergy's Chief Executive Officer, Robert J. Luiten ("Luiten"), and touts by individuals who failed to disclose the compensation received for promoting Zenergy stock, including Defendants Baeten, Bennett, and Bowker and Ronald Martino. The promotional activity induced members of the investing public to buy Zenergy stock and increased Zenergy's share price.

7. According to the Complaint, Gasich, his assignees, and their associates then sold their shares into the public market for illicit profits totaling at least $4.4 million.

8. Finally, the Complaint alleges that Market Ideas, Inc., an entity controlled by Gasich, and Relief Defendant Vertical Group, received or benefited from the registration violations and fraudulent conduct described above and that the funds are the proceeds, or are traceable to the proceeds, of the unlawful activity alleged above.

9. As a result of the conduct described in the Complaint, the Commission alleges that Defendants Jovanovich, Accelerated Innovations, Nelson, Sky's the Limit Consulting, J. Gasic, Bozovic, Baeten, Investing in Stock Market, Midwest Stock Consulting, and Bennett violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77(e)(a), 77(e)(c).[2]

---

[2] On August 7, 2013, the Court granted the Commission's Motion for Entry of Final Judgments as to all other Defendants in this action. (Docket No. 9.)

10. In addition, the Commission alleges that Defendants Baeten, Investing in Stock Market, Midwest Stock Consulting, Bennett, and Bowker violated Section 17(b) of the Securities Act, 15 U.S.C. § 77q(b).

11. The Complaint also advances a claim against Relief Defendant Vertical Group seeking ill-gotten gains.

12. The Complaint seeks orders of permanent injunction, disgorgement and prejudgment interest, civil monetary penalties, and penny stock bars against Defendants and an order of disgorgement and prejudgment interest against Relief Defendant.

13. Prior to the filing of the Complaint, Defendant Sky's the Limit Consulting agreed to resolve this matter with the SEC by agreeing to the relief requested in the Proposed Judgment, attached as Exhibit 2.

14. Defendant Sky's the Limit Consulting waived service of a summons and the complaint in this action and admitted the Court's jurisdiction over it and over the subject matter of this action. Ex. 1, Sky's the Limit Consent ¶ 1.

15. The Proposed Judgment against Sky's the Limit Consulting permanently enjoins it from violations of Section 5 of the Securities Act; orders, jointly and severally with Defendant Kymberly A. Nelson ("Nelson"), disgorgement of $436,835 and prejudgment interest of $28,625, but waives payment of all but $18,594 and does not impose a civil penalty based upon the sworn representations in Defendant Nelson's Statement of Financial Condition dated December 20, 2012 and other documents and information submitted to the Commission; and imposes penny stock bars.

16. As reflected in Exhibit 1, the Proposed Judgment has been reviewed by Defendant Sky's the Limit Consulting and its counsel.

17. Without admitting or denying the factual allegations, except jurisdiction, which they admit, Defendant Sky's the Limit Consulting does not oppose this motion.

WHEREFORE, the SEC respectfully moves this Court to enter the Proposed Judgment as to Defendant Sky's the Limit Consulting.

Grant such other and further relief as the Court deems just and appropriate.

Dated: August 16, 2013

Respectfully submitted,

s/ Paul M. G. Helms

Daniel J. Hayes (hayesj@sec.gov)
John E. Birkenheier (berkenheierj@sec.gov)
Paul M. G. Helms (helmsp@sec.gov)
Kathryn A. Pyszka (pyszkak@sec.gov)
U.S. Securities and Exchange Commission
175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

*Attorneys for Plaintiff U.S. Securities and Exchange Commission*

# CERTIFICATE OF SERVICE

Paul M. G. Helms, an attorney, hereby certifies that he will cause a copy of the foregoing Unopposed Motion for Entry of Final Judgment as to Sky's the Limit Consulting, LLC to be served upon:

Nenad Jovanovich and Accelerated Innovations, LLC
1455 West Cuyler Avenue, #2E
Chicago, Illinois 60613

Dale J. Baeten, Investing in Stock Market, Inc., and Midwest Stock Consulting, Inc.
416 Ridgeway Drive
Brillion, Wisconsin 54110

Kymberly A. Nelson and Sky's the Limit Consulting, LLC
c/o Terrence H. Campbell, Esq.
Cotsirilos, Tighe, Streicker, Poulos & Campbell, Ltd.
33 North Dearborn Street, Suite 600
Chicago, Illinois 60602

Charles C. Bennett
c/o A. Clifton Hodges, Esq.
Hodges and Associates
4510 East Thousand Oaks Blvd., Suite 201
Westlake Village, California 91362

Javorka L. Gasic
1247 Judson Avenue, Unit 2
Evanston, IL 60202

George E. Bowker, III
c/o Marc Agnifilo, Esq.
Brafman & Ross, P.C.
767 Third Avenue, 26th Floor
New York, New York 10017

Diana Bozovic
1247 Judson Avenue, Unit 2
Evanston, Illinois 60202

Vertical Group Holdings, LLC
c/o Bozana Gasic, Managing Member
555 Hinman Avenue, Unit B3
Evanston, Illinois 60202

by express United Parcel Service this 16th day of September 2013.

s/   Paul M. G. Helms

Daniel J. Hayes (hayesj@sec.gov)
John E. Birkenheier (berkenheierj@sec.gov)
Paul M. G. Helms (helmsp@sec.gov)
Kathryn A. Pyszka (pyszkak@sec.gov)
U.S. Securities and Exchange Commission
175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
Telephone:  (312) 353-7390
Facsimile:  (312) 353-7398

*Attorneys for Plaintiff U.S. Securities and Exchange Commission*